HENRY LIPPITT *vs.* THE AMERICAN WOOD PAPER COMPANY.

A statute provided that when an execution is levied upon corporate stock " the said stock or shares, or so much thereof as shall be necessary, shall be advertised and sold in the same manner as other personal property levied on by execution; and a deed or deeds thereof given by the officer aforesaid shall vest in the purchaser all the right, title, and interest of the defendant in such shares so sold as aforesaid, and shall be recorded by the recording officer of such company."

*Held,* that the officer's deed vested in the purchaser all the defendant's title, and that a transfer on the corporation books was superfluous.

A purchaser at an execution sale of corporate stock, after receiving his deed from the officer, filed a bill in equity against the corporation to compel it to transfer the stock on its books. The bill did not charge that the deed had been presented for record and the record refused.

*Held,* that the bill stated no case for equitable relief.

BILL IN EQUITY to compel the transfer of corporate stock. On demurrer to the bill.

*December* 14, 1883. DURFEE, C. J. The case alleged in the bill is the following, to wit: On February 16, 1875, the complainant and one Samuel Foster, as trustees, commenced an action at law in this court against one Morton C. Fisher, of London, by causing his shares, numbering it is averred one hundred, in the capital stock of the defendant corporation to be attached. In January, 1882, they recovered judgment in said action for $10,000 and costs, and took out execution, which was levied on the shares attached. The complainant purchased said shares at the execution sale, and received from the sheriff a deed in due form conveying them to him. Afterwards, on March 29, 1882, the complainant exhibited his deed to the treasurer of the corporation, and made a demand in writing on said treasurer to transfer to him one hundred shares

of the capital stock of the corporation, and pay to him the dividends accrued and payable thereon from February 16, 1875, to the time of the demand. The treasurer refused to comply with the demand. This suit is brought to enforce compliance. The defendant demurs to the bill.

The principal ground of demurrer is that the complainant has an adequate remedy at law. The case has been argued as if a transfer on the corporation books were necessary to perfect the complainant's title. We think this is a misapprehension. The statute expressly provides that, when shares of stock are sold on execution, the deed given by the officer making the sale "shall vest in the purchaser all the right, title, and interest of the defendant in such shares." Pub. Stat. R. I. cap. 223 § 21.[1] If, therefore, the sale was duly made and Morton C. Fisher was the legal owner of the shares sold, the complainant has succeeded to his title, and any transfer on the corporation books is superfluous. The corporation is in no default for refusing to make it. It is true the statute, in the section above cited, provides that the deed given by the officer "shall be recorded by the recording officer of such company." The purpose for which this record is required is not stated; but probably it is that the purchaser and the corporation may both have on the books of the corporation record evidence of the title and rights as stockholder to which the purchaser has succeeded by virtue of the sheriff's deed. We think, however, that the title and rights of the purchaser are perfect without the record, the record being merely matter of evidence. The bill does not show that the deed was ever presented for record and the recording of it refused. For anything that appears the deed may have been recorded. Whether if the deed had been presented and the recording refused, a suit in equity to enforce the recording is the

---

[1] As follows :

"SECT. 21. The said stock or shares, or so much thereof as shall be necessary, shall be advertised and sold in the same manner as other personal property levied on by execution, and a deed or deeds thereof given by the officer aforesaid shall vest in the purchaser all the right, title, and interest of the defendant in such shares so sold as aforesaid, and shall be recorded by the recording officer of such company."

proper remedy, we need not decide. It is sufficient for the present to say that the bill does not show a case for relief.

*Demurrer sustained.*

*A. & A. D. Payne,* for complainant.

*Charles Hart & Charles P. Robinson,* for respondent.